**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4280-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL E. MITCHELL,
a/k/a MICHAEL MITCHELL,

    Defendant-Appellant.

_____

        Submitted May 25, 2021 – Decided June 15, 2021

        Before Judges Yannotti and Haas.

        On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 12-08-0576.

        Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

        Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Amanda Frankel, Assistant Prosecutor, of counsel and on the brief).

        Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from an order entered by the Law Division on January 28, 2020, which denied his petition for post-conviction relief (PCR). We affirm.

I.

In June 2012, a Middlesex County grand jury returned Indictment No. 12-06-0897, charging defendant and Emendo Bowers with five counts of first-degree robbery, N.J.S.A. 2C:15-1 (counts one, five, nine, thirteen, and seventeen); five counts of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (counts two, six, ten, fourteen, and eighteen); five counts of second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a) (counts three, seven, eleven, fifteen, and nineteen); and five counts of second-degree conspiracy, N.J.S.A. 2C:5-2 (counts four, eight, twelve, sixteen, and twenty). Mack Mitchell also was charged in counts five to eight and thirteen to nineteen.

Counts one, two, three, and four of the indictment related to the robbery of a Radio Shack store in Franklin Township, Somerset County, on October 20, 2011. Count one alleged, that while committing a theft, defendant and Bowers purposely put Joseph Engleman and/or Radio Shack in fear of immediate bodily

2

harm, while armed with and/or threatening the immediate use of a deadly weapon.

In August 2012, a Somerset County grand jury returned Indictment No. 12-08-0576, which charged defendant and Bowers with the armed robbery of the Radio Shack in Franklin Township on October 20, 2011. Thereafter, on March 4, 2013, the judge dismissed counts one, two, three and four of Middlesex County Indictment No. 12-06-0897.

In May 2014, a Middlesex County grand jury issued superseding Indictment No. 14-05-0525, which charged defendant and Mack Mitchell with four counts of first-degree armed robbery, N.J.S.A. 2C:15-1 (counts one, six, eleven, and sixteen); four counts of second-degree conspiracy to commit armed robbery, N.J.S.A. 2C:5-2, N.J.S.A. 2C:15-1 (counts two, seven, twelve, and seventeen); four counts of third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a) (counts three, eight, thirteen, and eighteen); four counts of third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (counts four, nine, fourteen, and nineteen); and four counts of second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (counts five, ten, fifteen, twenty).

A-4280-19

Counts one to five pertained to the robbery of a T-Mobile store in Edison on December 8, 2011. Counts six to ten related to the robbery of a Radio Shack store in South Brunswick on December 19, 2011. Counts eleven to fifteen pertained to the robbery of a AT&T store in Edison on January 5, 2012, and counts sixteen to twenty related to the robbery of a T-Mobile store in Edison on January 12, 2012.

In March 2014, defendant was tried before a jury on the charge in the Somerset County indictment. He was found guilty of first-degree armed robbery of the Radio Shack store in Franklin Township on October 20, 2011. The court granted the State's motion for an extended term and sentenced defendant to twenty-five years in prison, with an eighty-five percent period of parole ineligibility, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant was ordered to pay restitution in the amount of $19,046.88. The judge in that case filed a judgment of conviction (JOC) dated May 30, 2014.

Thereafter, defendant was tried before a jury on the charges in the Middlesex County indictment. He was found guilty on counts three (third-degree theft by unlawful taking), seven (second-degree conspiracy to commit armed robbery), eight (third-degree theft by unlawful taking), ten (second-degree possession of a firearm for an unlawful purpose), thirteen (third-degree

theft by unlawful taking), sixteen (first-degree armed robbery), seventeen (second-degree conspiracy to commit armed robbery), eighteen (third-degree theft by unlawful taking), and twenty (second-degree possession of a firearm for an unlawful purpose).

On count sixteen, the court sentenced defendant to life without parole and consecutive sentences on other counts.[1] The sentences also were consecutive to the sentence imposed in Somerset County. The judge entered a JOC dated September 27, 2017.

Defendant appealed from the JOC filed in the Somerset County case. We affirmed defendant's conviction but remanded for resentencing, finding that the judge erred by imposing an extended-term sentence because defendant was not told he could be sentenced to an extended term. State v. Mitchell, No. A-0675-14 (App. Div. May 4, 2017) (slip op. at 2, 14-17), certif. denied, 231 N.J. 153 (2017).

Thereafter, the trial court sentenced defendant to a twenty-year prison term, with an eighty-five percent period of parole ineligibility pursuant to

---

[1] The life sentence was imposed pursuant to N.J.S.A. 2C:43-7.1(a), which provides in part that a person who has been convicted of first-degree robbery under N.J.S.A. 2C:15-1 and other specified crimes, and who has been convicted of two or more such crimes, on prior and separate occasions, shall be sentenced by the court to a term of life imprisonment with no eligibility for parole.

NERA, concurrent to the life sentence imposed in Middlesex County. Defendant was again ordered to pay restitution in the amount of $19,046.88. The judge filed an amended JOC, which is dated October 23, 2017. Defendant appealed and challenged his sentence. We affirmed the sentence. State v. Mitchell, No. A-0312-17 (App. Div. May 7, 2018).

On August 20, 2018, defendant filed a PCR petition in Somerset County, alleging he had been denied the effective assistance of counsel. The court assigned counsel for defendant, and counsel filed an amended verified petition and a certification by defendant.

In his certification, defendant claimed his trial attorney knew he also had pending charges in Middlesex County, and presented him with plea offers with sentences of twelve to fifteen years, subject to NERA. He asserted that his trial counsel never mentioned that he was attempting to get a sentence concurrent with the sentence imposed in Middlesex County.

Defendant stated that his attorney advised him that if he was convicted in Somerset County, and then found guilty of even one robbery in Middlesex County, he would face a life sentence. He said that he rejected a plea offer of fourteen years because if he pled guilty, he would be exposed to a life sentence if found guilty in Middlesex County.

6

Defendant also stated that at the time of his original arraignment in Middlesex County, the State made a global plea offer but his attorney did not have complete discovery at that time. He claimed his attorney in the Middlesex County matter never discussed plea offers at the arraignment or any time thereafter, and his new attorney assigned in Middlesex County did not discuss a plea offer with him until the pre-trial conference, but by that time, he had already been convicted in Somerset County.

Defendant asserted that his co-defendants both had accepted global plea offers. He stated that if the State had made a global plea offer to resolve the Somerset and Middlesex County charges, he would have "considered accepting it rather than risk life in prison without parole."

Judge Anthony F. Picheca, Jr. heard oral argument and issued a lengthy written opinion finding that defendant had not presented a prima facie case of ineffective assistance of counsel and defendant was not entitled to an evidentiary hearing on his petition. The judge entered an order dated January 28, 2020, denying PCR. This appeal followed.

On appeal, defendant's attorney raises the following arguments:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF COUNSELS' INEFFECTIVENESS.

7

A.   [TRIAL COUNSEL FAILED TO MOVE FOR CONSOLIDATION OF THE SOMERSET COUNTY AND SUPERSEDING MIDDLESEX COUNTY INDICTMENT FOR PLEA BARGAINING PURPOSES AFTER COMPLETE DISCOVERY HAD BEEN RECEIVED.

B.   TRIAL COUNSEL FAILED TO INVESTIGATE AN ALLEGED ADDITIONAL STATEMENT BOWERS GAVE TO THE POLICE.

C. APPELLATE COUNSEL FAILED TO RAISE THE RESTITUTION ARGUMENT AT THE ESOA HEARING.]

In addition, defendant has filed a pro se supplemental brief in which he argues:  (1) in summation, the prosecutor misrepresented facts in evidence and his attorney erred by failing to object; (2) the prosecutor improperly vouched for the credibility of a witness; (3) trial counsel erred by failing to seek dismissal of the indictment on the ground that it was "duplicitous"; (4) trial counsel erred by failing to investigate a statement that Bowers allegedly provided to the police at 11:50 a.m. on January 12, 2012; (5) he was denied due process and a fair trial due to cumulative errors; and (6) his petition is not barred by any procedural "considerations."

II.

As noted, defendant's counsel argues that the matter should be remanded to the PCR court for an evidentiary hearing.  Defendant argues that he

established a prima facie case of ineffective assistance by his trial and appellate counsel. We disagree.

"To obtain an evidentiary hearing on a PCR petition, a defendant must establish a prima facie case for relief, material issues of disputed fact, and show that an evidentiary hearing is necessary to resolve the claims." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (citing R. 3:22-10(b)). "To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b).

To be entitled to an evidentiary hearing, the petitioner "must allege specific facts and evidence supporting his allegations." State v. Porter, 216 N.J. 343, 355 (2013). See R. 3:22-10(e)(1) to (2) (explaining that "[a] court shall not grant an evidentiary hearing: (1) if an evidentiary hearing will not aid the court's analysis of the defendant's entitlement to post-conviction relief; [or] (2) if the defendant's allegations are too vague, conclusory or speculative").

The Sixth Amendment to the United States Constitution and the New Jersey Constitution guarantee criminal defendants the right to counsel, which requires that defendants receive "the effective assistance of counsel." Strickland

v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). A defendant asserting a claim of ineffective assistance of counsel must satisfy the two-part test established in Strickland, 466 U.S. at 687, and later adopted by the New Jersey Supreme Court in Fritz, 105 N.J. at 58.

Under this test, "[f]irst, the defendant must show that counsel's performance was deficient. . . . [and] [s]econd, the defendant must have been prejudiced by counsel's deficient performance." State v. Gideon, 244 N.J. 538, 550 (2021) (quoting Strickland, 466 U.S. at 687) (internal citations omitted). The first prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). "An attorney's representation is deficient when it '[falls] below an objective standard of reasonableness.'" State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 688).

The second prong requires the defendant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Gideon, 244 N.J. at 550-51 (quoting Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 551 (quoting

10

<u>Strickland</u>, 466 U.S. at 694).  Since prejudice is not presumed, the defendant must "affirmatively prove prejudice."  <u>Id.</u> at 550-51 (citing <u>Fritz</u>, 105 N.J. at 52; quoting <u>Strickland</u>, 466 U.S. at 693).

A.  <u>Failure to Seek Consolidation of Charges.</u>

Defendant argues that his trial counsel erred by failing to seek consolidation of the Somerset and Middlesex County charges after discovery was complete.  He contends consolidation would have been appropriate under <u>Rule</u> 3:25A-1.  He claims the result would have been different if all of the charges were tried together.

In his opinion, Judge Picheca noted that, while the factors enunciated in <u>Rule</u> 3:25A-1 indicate consolidation of the charges would have been appropriate, consolidation was not mandatory.  The judge stated that counsel's failure to seek consolidation may constitute deficient performance, but defendant did not show it was likely there would have been a more favorable disposition.  The judge further found that defendant failed to show a reasonable probability he would have accepted a plea offer and the resulting sentence would have been less severe than the punishment imposed.

We are convinced the record supports the PCR court's determination.  As the judge noted, consolidation of charges under <u>Rule</u> 3:25A-1 is discretionary,

11

and the trial court was not required to consolidate the charges. Moreover, the charges had been initially consolidated in the first Middlesex County indictment, and defendant had been presented with a global plea offer.

Although discovery was not complete, the State had offered defendant a thirty-year NERA sentence, concurrent to a five-year sentence with five years of parole ineligibility. Defendant rejected the plea offer. The charges then were severed.

Defendant has not shown that the result of this proceeding would have been different if his attorney had sought to consolidate the charges. The State was not required to again offer a global plea, since defendant had already rejected that offer.

Moreover, defendant has not shown he would have accepted such an offer to resolve the Somerset County charge. Indeed, defendant rejected the State's plea offer to resolve the Somerset County charge, knowing he faced a potential life sentence if convicted of first-degree armed robbery in Middlesex County. Thus, the record supports the PCR court's finding that defendant had not presented a prima facie case of ineffective assistance of counsel with regard to the consolidation of charges and the plea offers.

12

B.  Failure to Investigate.

Defendant argues that his trial counsel was deficient because he failed to investigate a second statement that Bowers allegedly gave to the police.  He states that this statement may have exculpated him and could have resulted in his acquittal.

At trial, Bowers testified that he was in police custody on January 12, 2012.  He said he spoke with the police after he was advised of his rights.  Although Bowers said he did not initially implicate defendant, he eventually told the detective that defendant was involved with the Radio Shack robbery.

On cross-examination of Bowers, two Miranda[2] forms that Bowers signed were marked for identification.  One of the forms indicated it had been signed at 4:03 p.m. and the other form indicated it was signed at 11:50 a.m.  Defense counsel then questioned Bowers about his statements.  Bowers initially denied that he spoke to the police before 4:00 p.m., but he then said he was "talked to by the detectives" from 11:00 a.m. through 4:00 p.m.

"[W]hen a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of

---

[2]  Miranda v. Arizona, 384 U.S. 436 (1966).

the affiant or the person making the certification." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

As the State points out, defendant failed to present sufficient evidence to show that Bowers did, in fact, provide the police with a second statement. In any event, at trial, defendant's counsel extensively cross-examined Bowers about the statement he provided to the police.

Furthermore, defendant did not present the PCR court with a certification or affidavit showing what such an investigation would have revealed, or how such an investigation would have led to a different result. As noted, defendant suggests that Bowers' additional statement "perhaps" would have provided him with exculpatory information, that would have led to his acquittal. This is pure speculation.

Thus, the record supports the PCR court's finding that defendant failed to present a prima facie case with regard to trial counsel's alleged failure to investigate Bower's alleged second statement.

C. Restitution.

Defendant notes that at the initial sentencing, he was ordered to pay $19,046.88 in restitution. When resentenced after his direct appeal, the trial

court entered an amended JOC which again stated that defendant was required to pay $19,046.88 in restitution.

Defendant notes that at the resentencing hearing, the judge did not mention restitution. He contends the transcript of the resentencing controls and the amended JOC erroneously ordered him to pay restitution. He argues that appellate counsel was deficient in failing to raise this issue in the appeal from the resentencing.

Defendant's argument is entirely without merit. As noted, in our decision on the direct appeal, we remanded the matter for the imposition of an ordinary term, rather than an extended term. At the initial sentencing proceeding, defendant did not challenge the restitution, and he did not raise that issue on direct appeal. In addition, defendant did not challenge the restitution in the resentencing proceeding.

Thus, appellate counsel was not deficient in failing to argue in the resentencing appeal that the JOC erroneously included a provision requiring defendant to pay restitution. Moreover, defendant failed to show that the result of the resentencing appeal would have been different if the issue had been raised. Therefore, the PCR court correctly found that defendant had not presented a prima facie case of ineffective assistance of counsel with regard to restitution.

## III.

As stated previously, defendant has filed a pro se supplemental brief in which he raises several additional arguments.

Defendant argues that during summation, the assistant prosecutor improperly stated that Detective Drew Lea had testified that Bowers admitted his guilt and implicated defendant in the Radio Shack robbery. Defendant also claims the assistant prosecutor also stated that Bowers had testified that he pled guilty and was sentenced to a sixty-year prison term for his involvement in the Middlesex County robberies.

The record shows that Lea had interviewed Bowers at the police station after he was arrested. Lea testified that Bowers said defendant was with him when he committed the robbery. Moreover, Bowers pled guilty and admitted that he and defendant robbed the Radio Shack. Thus, the prosecutor's statement that Bowers had implicated defendant in the robbery was supported by the evidence.

In addition, Bowers had testified that his plea agreement provided for a fifteen-year term of imprisonment, with an eighty-five percent period of parole ineligibility. In his summation, the prosecutor noted that Bowers could be sentenced to fifteen years for his involvement in the Radio Shack robbery, and

up to sixty years for charges in Middlesex County. Therefore, the prosecutor's remarks regarding Bowers' sentencing exposure were proper.

Defendant also argues that the assistant prosecutor improperly vouched for Bowers' credibility by stating he had an incentive to testify truthfully. The prosecutor argued that Bowers was a credible witness, and his argument was based entirely on the evidence presented at trial. The assistant prosecutor did not improperly vouch for Bowers' credibility.

We have considered defendant's other arguments, including his contention that his trial counsel was deficient for failing to seek dismissal of the indictment on the ground that the charges were "duplicitous," and his contention that his convictions should be reversed due to cumulative error. Defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17